Taylor, C. J.
It is not deemed necessary to decide the questions, whether a vicious writ can be taken advantage of *279 after verdict; or whether the statutes of jeofails extend to an action founded upon a penal statute. The construction of this writ, which presents itself to the Court as the just and necessary one, and derived from the unavoidable import of the words, renders it a writ in the debet and detinet. Tho' not precisely in the form that the usage of the law has annexed to such process, yet the words in which it is expressed will not, without a strained interpretation, convey a meaning substantially different.
The defendant is called upon to answer to the plaintiff, that he may render to him a sum of money, due under an act of Assembly to him, and which the defendant unjustly detains from him. It is due to the plaintiff, under or by virtue of the act of Assembly, and the defendant cannot detain it unjustly, unless it is due from him. If A call on B to demand payment of a sum of money which the former states to be due to him by bond, and the amount of which he charges the latter with detaining from him, B cannot doubt that the meaning of A is to charge him with owing as well as detaining the money. Whether the writ uses the verb in the present tense, or substitutes for it the passive participle, the charge of owing and detaining is believed in substance to be equally made out. The general issue, then, is nil debet, to which the verdict of the jury is responsive, by its finding that the defendant does owe. The Court, therefore, is of opinion, that the reasons in arrest must be overruled.